917 F.2d 1302
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter R. WEBSTER, a/k/a Gangster, a/k/a Mr. G, a/k/a G,
Defendant-Appellant.
 No. 90-6784.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 5, 1990.
Decided Nov. 8, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph H. Young, Senior District Judge. (CR-79-60-Y, CA-88-3780-Y)
 R. Kenneth Mundy, Washington, D.C., for appellant.
 Richard Charles Kay, Assistant United States Attorney, Baltimore, Md., (Argued), for appellee; Breckinridge L. Willcox, United States Attorney, Geoffrey R. Garinther, Assistant United States Attorney, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before WIDENER and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant brought this action under 28 U.S.C. Secs. 1651, 2202 and 2255 seeking to set aside and vacate certain criminal sentences imposed following his May 1979 convictions of conducting a continuing criminal enterprise in violation of 21 U.S.C. Sec. 848, conducting the affairs of the enterprise through a pattern of racketeering in violation of 18 U.S.C. Secs. 1961, 1962(c), and 1963, conspiracy to distribute cocaine and heroin in violation of 21 U.S.C. Sec. 846, 17 counts of illegal use of the telephone in violation of 21 U.S.C. Sec. 843(b) and (c), and three counts of interstate travel in aid of a racketeering enterprise in violation of 18 U.S.C. Sec. 1952(a)(3). As a part of the conviction and sentencing order, the district court provided that it would set aside the 17 counts of illegal use of the telephone as having merged into the greater sentence imposed under Count 2, the conspiracy count. On appeal (United States v. Webster, 639 F.2d 174 (4th Cir.1981), cert. denied, 456 U.S. 935 (1982)), all convictions were affirmed except the conspiracy conviction under Count 2. It appears that the conviction on Count 2 has never been stricken as directed by our opinion in 1981, and in the present proceeding the district court directed the record to be corrected and this conviction stricken. However, the district court denied Webster's further request that the 17 convictions of illegal use of the telephone be set aside. There is no merit to appellant's claim of error as to these 17 convictions. The district court at sentencing clearly provided that the telephone convictions would be vacated if the conspiracy count was affirmed. However, since the conspiracy count was not affirmed, appellant is not entitled to be relieved of the convictions.
 
 
 2
 Appellant also attempted to raise challenges to the sufficiency of the evidence and erroneous jury instructions to his CCE and RICO convictions and claims that his failure to raise these exceptions on direct appeal was the result of ineffective assistance of counsel. However, he has failed to make a showing of cause and actual prejudice as required by United States v. Frady, 456 U.S. 152 (1982). Ineffective assistance of counsel may not be used to establish cause under the Frady test.
 
 
 3
 The district court considered the ineffective assistance of counsel claim and found that appellant had not met the burden imposed by Strickland v. Washington, 466 U.S. 668 (1984), and we find no error in this ruling.
 
 
 4
 AFFIRMED.